Roger F. Holmes, Esq.
BISS & HOLMES
3948 Clay Products Drive
Anchorage, Alaska 99517
Telephone: (907) 248-8013
Facsimile: (907) 243-6695
Attorneys for Plaintiff
Great Divide Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Timothy M. Sonnenberg, T S Construction, Inc., John Watson and American Interstate Insurance Company<br><br>　　　　Defendants. | Case No. 3:06-cv-00055 TMB<br><br>**AMENDED COMPLAINT<br>FOR DECLARATORY RELIEF** |

　　　Plaintiff, Great Divide Insurance Company ("Great Divide"), alleges as follows:

　　　1.　Great Divide is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Arizona.

　　　2.　Great Divide is authorized to transact business in the State of Alaska, has paid its biennial corporation taxes last due, filed its biennial report for the last reporting period and has

satisfied all other conditions precedent to bringing and maintaining this action.

3. Defendant, Timothy Sonnenberg ("Sonnenberg") is an Alaska resident. Mr. Sonnenberg is the owner of T. S. Sonnenberg, Inc. which is an Alaska corporation with its principal place of business in Alaska.

4. John Watson is a resident of the State of Alaska ("Watson").

5. American Interstate Insurance Company is an insurance company authorized to do business and doing business in Alaska and domiciled in Louisiana.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C., §§ 2201 and 1332 as this action is a declaratory judgment action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C., § 1391.

8. Great Divide issued a general liability insurance policy to Sonnenberg and his corporation identified as Policy No. GC258644-01 (the "Policy") covering policy period 5/20/04 to 5/20/05. The Policy provides coverage of $1 million per

occurrence.  A copy of the Policy is attached to the original complaint (Docket 1) as **Exhibit 1**.

9.   American Interstate Insurance Company issued a workers compensation policy to T.S. Construction, Inc., Policy No. AVWCAK 1283152004 with a policy period of 6/1/04-6/1/05.

10.  Watson alleges that in April 2005, Sonnenberg and his corporation hired Watson to work on a home on Bear Street in the Wasilla-Palmer area.

11.  Watson further alleges he was injured on the job and that he is owed workers compensation but that neither Sonnenberg nor his corporation purchased the required workers compensation policy to cover him.  Watson has sued Sonnenberg and his corporation alleging they are strictly liable for his injuries or alternatively must provide him with the requisite workers compensation benefits.  A copy of Watson's complaint is attached to the original complaint (Docket No. 1) as **Exhibit 2**.

12.  Sonnenberg has tendered the defense of the Watson lawsuit to Great Divide, which has agreed to provide Watson with a defense of that action under a reservation of rights, (Docket 1, Original Complaint, **Exhibit 3**.

13. Great Divide is entitled to a declaration that there is no liability coverage for the damages being asserted against Sonnenberg and his corporation by Watson.

14. Great Divide is entitled to a declaration that there is no duty to defend either Sonnenberg or his corporation against the allegations of Watson.

15. American Interstate Insurance Company did provide workers compensation insurance to Sonnenberg and his corporation at the time of Watson's injury.  Great Divide, Watson, Sonnenberg and T.S. Construction are all entitled to a declaration that American Interstate Insurance Company must provide workers compensation benefits for Watson for the injuries in question.

WHEREFORE, Great Divide asks the Court for the following relief:

A. Entry of an order that Great Divide has no obligation to pay any of the damage assessed against Sonnenberg or his corporation in the underlying lawsuit against them brought by Watson.

B. Entry of an order that Great Divide has no obligation to provide for the defense of Sonnenberg and his corporation in the underlying lawsuit brought against them by Watson.

  C. Entry of an order that Watson is entitled to workers compensation benefits from American Interstate Insurance Company.

  D. An award of its costs and attorney's fees.

  E. Such other relief as the Court may deem just and equitable.

  DATED at Anchorage, Alaska, this 28th day of September, 2006.

          BISS & HOLMES
          Attorneys for Plaintiff
          GREAT DIVIDE INSURANCE CO.


          <u>s/Roger F. Holmes</u>
          3948 Clay Products Drive
          Anchorage, Alaska 99517-1014
          (907) 248-8013 Phone
          (907) 243-6695 Fax
          E-mail: roger.bh@gci.net
          ABA No. 7011060


<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on
September 28, 2006, a copy
of foregoing <u>Amended Complaint
For Declaratory Relief</u> was
served electronically on:

Michael W. Flanigan, Esq.
Paul D. Stockler, Esq.

<u>s/Roger F. Holmes</u>