Roger F. Holmes, Esq.
BISS & HOLMES
3948 Clay Products Drive
Anchorage, Alaska 99517
Telephone: (907) 248-8013
Facsimile: (907) 243-6695
E-mail: roger.bh@gci.net
Attorneys for Plaintiff
Great Divide Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GRET DIVIDE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>Timothy M. Sonnenberg, T.S. Construction, Inc. and John Watson and American Interstate Insurance Company,<br><br>  Defendants. | Case No. 3:06-CV-00055 TMB<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

John Watson alleges that he was injured on April 29, 2005, when he fell from a ladder while working on the roof of a home being constructed by T.S. Construction, Inc., a licensed Alaska general contractor.[1] T.S. Construction, Inc. is owned by Timothy

---

[1] Docket #1, Exhibit 2, paragraph 7 and Depo of Sonnenberg, p 6.

Sonnenberg (hereafter collectively referred to as "Sonnenberg.") Mr. Sonnenberg was building the home for his brother Paul.[2]

Sonnenberg hired Mr. Watson to roof the home. Watson works full time as a janitor in Fairbanks.[3] He occasionally worked for Sonnenberg as a roofer.[4] Watson had no license or general insurance and Sonnenberg knew that. Sonnenberg never asked Watson if he carried his own workers compensation insurance.[5] Watson was paid by the square (of shingles). Sonnenberg also paid for Watson's gasoline to drive from his home to the job site in Wasilla and paid for Watson's hotel room in Wasilla at the job site.[6] Sonnenberg provided all the materials for the roofing, caused the materials to be transported to the job site, and provided Watson with tools. Sonnenberg also apparently provided the ladder from which Watson fell.[7] Sonnenberg believed he had the right to direct the work Watson was doing.[8]

---

[2] Sonnenberg depo, pp 7 & 8.

[3] Sonnenberg depo, - 48.

[4] Sonnenberg depo, pp 9-13.

[5] Sonnenberg depo, pp 13-15, 31.

[6] Sonnenberg depo, pp 21-22, 26.

[7] Docket #1, Exhibit 2 and Sonnenberg depo, pp 17-20, 22, 59.

[8] Sonnenberg depo, pp 15-17

Sonnenberg had workers compensation insurance with American Interstate at the time of Watson's accident.[9] Watson claims he was an employee of Sonnenberg at the time of the accident and requests that he be provided workers compensation benefits from American Interstate.[10] Sonnenberg at his deposition had no opinion as to whether or not Watson was his employee or his subcontractor.[11] Sonnenberg admitted that he could hire someone off the street like Watson to do roofing work for $20 a square, but licensed bonded roofers could cost as much as $65 a square.[12]

Plaintiff issued a general liability policy to Sonnenberg. (Docket #1, Exhibit 1) That policy contained the following language:

> 2. Exclusions.  This insurance does not apply to: d. Workers' Compensation and Similar Laws.  Any obligation of the insured under a workers' compensation, disability benefits or unemployment

---

[9] Docket #20 and Sonnenberg depo p 30.

[10] Docket #1, Exhibit 2.

[11] Sonnenberg depo, pp 26, 27, 35-36, 46.

[12] Sonnenberg depo, pp 47-48.  Q. Do you think that price (Watson's) might have been low because he doesn't have insurance?  A. Maybe.

compensation law or any similar law.  (Docket #1, Exhibit 1 p 11)[13]

EXCLUSION - INDEPENDENT CONTRACTORS.  The following exclusion is added to Paragraph 2., Exclusions of Coverage (Section 1 - Coverages): This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of operations performed for you by independent contractors or your acts or omissions in connection with your general supervision of such operations.  (Docket #1, Exhibit 1, p 30)

AMENDATORY ENDORSEMENT - EMPLOYEE EXCLUSION. Exclusion e. Employer's Liability of COVERAGE A. Bodily Injury and Property Damage Liability (Section 1 - Coverages) is replaced by the following: e. Employer's Liability.  Bodily injury" to:
(1) an "employee" of the insured arising out of and in the course of:
(a) Employment by the insured; or
(B) Performing duties related to the conduct of the insured's business; or
(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
This exclusion applies:
Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
As respects this endorsement only, the definition of "Employee" in DEFINITIONS (Section V) is replaced by the following:
"Employee" shall include, but is not limited to , any person or persons hired by, loaned to, leased to, contracted for, or volunteering services to the

---

[13]See Docket #, Exhibit 1, p16 for a similar exclusion under the Medical Payments provision of the policy.

insured, whether or not paid by the insured. (Docket #1, Exhibit 1, p 35)[14]

Watson alleges that at the time of his accident he was an employee of Sonnenberg's entitled to workers compensation benefits. If he is correct, his claim is excluded under exclusion d above.[15] Watson further alleges Sonnenberg is liable for civil damages pursuant to the workers compensation laws of Alaska for the failure of Sonnenberg to provide him compensation.[16] If that allegation is true, the claim is still excluded under exclusion d since that claim arises under Alaska's workers compensation laws.

It is not clear whether Sonnenberg and/or American Interstate will claim Watson was an independent contractor. If Watson was an independent contractor, the claim would still be excluded under the Independent Contractor exclusion set forth above.

There are no material issues of fact. The policy language is clear and unambiguous. Injuries to employees are covered

---

[14] See also identical language at Docket #1, Exhibit 1, p 39.

[15] If he is correct, all other claims against Sonnenberg are barred by the workers compensation exclusive remedy provision, AS 23.30.055, since Sonnenberg actually had workers compensation insurance.

[16] AS 23.30.045

under workers compensation policies, not general liability policies. Sonnenberg has workers compensation insurance. A failure to cover an employee under workers compensation insurance is excluded under the policy as is an injury sustained by an independent contractor. To expect otherwise would be unreasonable.[17]  Summary judgment should be granted.

DATED at Anchorage, Alaska, this 2nd day of January, 2007.

>     BISS & HOLMES
>     Attorneys for Plaintiff
>     GREAT DIVIDE INSURANCE CO.
>
>     s/Roger F. Holmes
>     3948 Clay Products Drive
>     Anchorage, Alaska 99517-1014
>     (907) 248-8013 Phone
>     (907) 243-6695 Fax
>     E-mail: roger.bh@gci.net
>     AK Bar No. 7011060

---

[17] Dugan v. Atlanta Casualty Companies, 113 P. 3d 652, 654 (AK 2005) and Cole v. State Farm Insurance Company, 128 P.3d 171 174 (AK 2006).

PLAINTIFF'S SJ MEMORANDUM
GREAT DIVIDE V. SONNENBERG
CASE NO. 3:06-cv-00055 TMB                6

<u>Certificate of Service</u>
I certify that on January <u>2nd</u> 2007, a copy of foregoing <u>Memorandum In Support Of Plaintiff's Motion For Summary Judgment</u> was served electronically on:

Michael W. Flanigan, Esq.
Michael C. Geraghty, Esq.
Paul D. Stockler, Esq.

<u>s/Roger F. Holmes</u>